THE DRAINAGE COMMISSIONERS OF DISTRICT No. I

*v.*

THE VILLAGE OF CERRO GORDO.

*Opinion filed October 24, 1905.*

1. DRAINAGE—*effect where village connects drains with those of district.* Commissioners of a district organized under the Farm Drainage act have no power to attach to the district the streets and alleys of an adjacent village which has connected its drains with the drains of the district, nor to classify the streets and alleys, nor assess any sum against the village, or the streets and alleys of the village, for benefits.

2. WAIVER—*what is not a waiver of rights.* Drainage commissioners have no power to require village authorities to appear and defend a proposed assessment, by the commissioners, of benefits against the village on account of its having connected its drains with those of the district, and the village waives no rights by appearing and presenting, or failing to present, objections, nor by failing to appeal from the adverse decision of the commissioners.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. SOLON PHILBRICK, Judge, presiding.

This is a writ of error to reverse the judgment entered in the Piatt circuit court sustaining a demurrer to a declaration filed by the drainage district against the village in an action of debt and dismissing the action.

The declaration alleged that the drainage district was duly organized under the act of the General Assembly approved June 27, 1885, commonly known as the Farm Drainage act; that the village was situate adjacent to the district and was possessed of and in the control of certain streets and alleys therein, and on the first day of April, 1904, the authorities of the village connected the drains, ditches and tiles draining a part of the streets and alleys, with the ditches, drains and tiles of the drainage district, and thereby acquired and still have the drainage of said streets and alleys by and through the ditches of the said drainage district; that on the second day of July, 1904, the drainage commissioners

of said district duly entered an order attaching all that part of the streets and alleys of the village to said drainage district which had been drained into the ditches and tiles of the said drainage district by and with and through the ditches and tiles and drains laid and connected by the said village, and made the same a part of the said drainage district, and classified the said streets and alleys the same as if they had been included in said district as originally organized, at one-fifteenth of the four original assessments levied upon the lands and property of said drainage district for the construction of the drains and ditches of said drainage district, and gave notice, as required by law, to the officers of said village of the time when and the place where the said commissioners of said drainage district would meet to hear objections to said classification of the streets and alleys of the said village; that at the time and place mentioned in said notice the commissioners of said drainage district duly met to hear all objections which might be urged by the said village to the said classification aforesaid; that the said village, by its officers, appeared at the time and place mentioned for hearing of the objections to said classification, and objected thereto on the grounds that the village should not pay one-fifteenth of the four original levies levied upon said drainage district, and that said classification should be made against the lots along said portion of said streets and alleys so attached to said drainage district No. 1, and not against the said village, and made no other or further objection to said classification; that said commissioners, having heard all objections made by said village and having duly considered the same, did affirm the said classification as originally made and filed by said commissioners, and filed their said confirmed classification as required by law; that on the 13th day of July, 1904, the said commissioners filed an assessment roll, and assessed against said village, for benefits received by that part of the streets and alleys of said village so attached to said drainage district, the sum of $976.66, the same being assessed in con-

formation with the classification so above made and confirmed, and being the one-fifteenth part of the four levies made by the said drainage district for the construction of the system of ditches, tiles and drains in said drainage district; that the said assessment, being so filed, then and there became a debt due and owing by the said village to the said drainage district; that the same remains wholly due and unpaid and in no manner appealed from or set aside; that after making said classification and hearing the objections so made by said village to said classification, and after the said commissioners of said drainage district had confirmed said classification, the said village failed to appeal therefrom, and has failed, neglected and refused to pay the amount of said assessment so levied upon and assessed against the said streets and alleys of said village upon said classification.

Ray, Dobbins & Riley, and James L. Hicks, for plaintiffs in error.

Reed & Reed, and A. C. Edie, for defendant in error.

Mr. Justice Boggs delivered the opinion of the court:

The grounds of demurrer are, that the village and the drainage district are creatures of the statute, and have only such powers and duties as the statute has authorized and conferred upon them; that the district has no grant of power authorizing it to attach the streets and alleys of a village to the district and make such streets and alleys a part of the territory of the district, or to classify them, and that the commissioners of the district were wholly wanting in power and authority to require the village to appear before them for the purpose of objecting to the attempted classification of its streets and alleys as a part of the district; that all proceedings alleged in the declaration to have taken place at the time of the meeting of the said commissioners were beyond the jurisdiction of the drainage district, and wholly without

force of law, and void, and cannot be made the basis of any legal demand in favor of the district against the village. The district contends that the provisions of section 42 of the act under which it was organized, (2 Starr & Cur. Stat. par. 149, p. 1552,) authorized the enlargement of the territory of the district by the addition thereto of the streets and alleys of the village.

Section 42 authorizes the enlargement of drainage districts by either of two methods: First, by empowering the owners of lands outside of the drainage district to connect their ditches with the ditches of the drainage district on terms of payment in the section specified, and providing that such "individual land owners" as shall so connect their ditches with the ditches of the district shall be deemed to have voluntarily applied to be included in the district, and their lands benefited by such ditches shall be treated, classified and taxed as other land in the district; and second, the commissioners of a drainage district may extend and enlarge the boundaries of the district on the presentation to them of a petition signed by a specified proportion of land owners of an area outside the district who desire to have their lands added thereto. The first of these methods is initiated only by "individual land owners" who desire to avail themselves of the privilege given by the section to connect ditches which they have constructed on their own lands with the ditches of the district, and who, by so connecting the ditches, are deemed to have voluntarily brought their lands within the territory and jurisdiction of the district. The second method is by petition of land owners who desire that their lands be added to the district. The first method has no reference to the streets and alleys of a village, and there is no allegation that the petition essential to the second method has ever been presented to the commissioners. The streets and alleys of the village did not become attached to or form a part of the drainage district, and the district possessed no power to classify the streets and alleys or to levy

an assessment against the village on the theory those ways were a part of the district.

Nor can the assessment be sustained as having been authorized by the provisions. of section 40 of the said Farm Drainage act. That section provides that if in the construction of the work of any drainage district "any public highway or railroad, or any part of the same, will be benefited, the commissioners may assess to such public road or railroad such sum or sums as will be just and equitable for such public road or railroad to pay, in proportion to the benefits received. * * * The amount of such road tax shall be paid out of the road and bridge tax of the town or district in which the public highway or part benefited lies." (2 Starr & Cur. Stat. chap. 42, p. 1551.)

The argument of the plaintiffs in error is, that the word "highway" is the generic name for all kinds of public ways, including streets and alleys, and that the word as employed in said section 40 should be given that meaning, and the section held to, empower the commissioners of a drainage district, if the construction of the ditches of the district shall benefit the streets or alleys of any village, to assess against such village such amount as will be just and equitable to be paid for the benefits so conferred on the streets and alleys by the work of the district. The words "public highway" and the words "public road" are used in section 40 as though interchangeable. in meaning, and the section provides that the sums assessed for benefits to such public highway or public road shall be paid out of the road and bridge tax of the town or district in which the same, or the part benefited, lies. Hence it is plain that the words "public highways" were intended to mean public roads,—not the streets or alleys of a city or village,—and that the benefits authorized to be assessed as compensation to the drainage district for benefits conferred by its ditches or drains were to be assessed and paid, as the statute expressly provides, "out of the road and bridge tax," and not out of the funds of any city or village.

The declaration alleges that the village, by its officers, appeared before the commissioners at the time and place mentioned for hearing objections to said classification and in pursuance of the notice given to so appear, and objected thereto on the grounds (1) that the village should not pay one-fifteenth of the four original assessments levied upon said drainage district; and (2) that said classification should be made against the lots along said portion of said streets and alleys so attached to said drainage district and not against the village, and made no other or further objection to said classification; that the commissioners overruled the objections and ordered that the village be assessed for benefits to its streets and alleys in the sum of $976.66, and that the village did not prosecute an appeal from such action of the commissioners. It is urged by the plaintiffs in error that the village should not now be heard to urge any other objections than those interposed before the commissioners, and ought to be deemed estopped to make further defense because of its failure to avail itself of the right to prosecute an appeal to the county court from the decision of the commissioners. If we are correct in what has been said, the commissioners were wholly wanting in power or jurisdiction to enter the order attaching the streets and alleys of the village, or any part thereof, to the district, or to classify or assess any sum against the village, or the streets and alleys of the village, for benefits, or to notify the authorities of the village to appear before them to defend against any such proposed classification or assessment for benefits. That being true, the action taken by the commissioners in that respect was without any legal force, and void, and the village could lose no rights by presenting or failing to present objections at the meeting of the commissioners or by failing to appeal from any action the commissioners might assume to take. The commissioners were wanting in jurisdiction over the subject matter, and the appearance of the village and the filing of objections by officials of the village did not and

could not confer jurisdiction on the commissioners over such subject matter. The legislature alone could do that.

The demurrer was well interposed and was properly sustained. The judgment of the circuit court must be and is affirmed.

*Judgment affirmed.*