(No. 21786.—■■■■■■■■)

THE PEOPLE *ex rel.* L. L. Urch, County Collector, Appellant, *vs.* MICHAEL RYAN *et al.* Appellees.

*Opinion filed October 21, 1933.*

GEORGE D. CARBARY, State's Attorney, and HEMPSTEAD & GREEN, for appellant.

LORD & PARKER, for appellees.

Mr. JUSTICE DeYOUNG delivered the opinion of the court:

The treasurer and *ex-officio* collector of Kane county applied to the county court of that county for judgment against and an order for the sale of the parcels of land returned delinquent for non-payment of certain taxes and assessments. Forty-five land owners, including the village of Maple Park, filed objections to an assessment levied by the commissioners of Union Drainage District No. 3, in the town of Virgil, in Kane county, and the town of Cortland, in DeKalb county. Certain objections were sustained, other objections were overruled and judgment was rendered for a portion of the assessment. The county collector prosecutes this appeal.

The drainage district concerned in this proceeding is, as its name indicates, a union district and was organized under an act entitled "An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named," approved June 27, 1885, commonly known as the Farm Drainage act. (Cahill's Stat. 1933, p. 1146; Smith's Stat. 1933, p. 1166.) The district comprises lands situated in two towns, one in the county of Kane and the other in the county of DeKalb. The same objections respecting the assessment were filed to the county collectors' applications for judgment and order of sale in the county courts of the two counties. In the disposition of the objections the same rulings were made by the two courts, except that additional objection No. 1 was overruled by the county court of DeKalb county and sustained by the county court of Kane county. The county collector of DeKalb county prosecuted an appeal from the judgment rendered by the county court of that county. On the appeal, no complaint was made of the disposition of additional objection No. 1, and that objection was not considered by this court. The judgment of the county court of DeKalb county was affirmed in *People* v. *Langlois*, (*ante*,

p. 110). Hence the objections urged against the particular assessment, except additional objection No. 1, have been finally determined and, with the exception stated, the opinion filed on that appeal is decisive of this case. Only additional objection No. 1 remains to be considered.

The additional objection concerned an assessment made against the village of Maple Park, in Kane county. The appellant asserts that the village was assessed for the benefits it derived from the drainage of its streets and alleys through or by means of the drains and ditches of the district. The appellees deny the right or power of the commissioners of a union drainage district organized under the Farm Drainage act to make or levy the assessment in question.

Section 40 of the Farm Drainage act provides that, if the work done by the drainage commissioners benefits any public highway or railroad, the commissioners may assess to the public road or railroad such sum as will be just and equitable in proportion to the benefits received. The section concludes with the provision that such road tax shall be paid out of the road and bridge tax of the town or the district in which the public highway benefited lies. It was argued in *Drainage Comrs.* v. *Village of Cerro Gordo,* 217 Ill. 488, that the word "highway" was the generic name for public ways of every kind, including streets and alleys; that the word, as employed in section 40, should be given such a broad and comprehensive meaning, and that, in case the ditches of a drainage district benefited the streets and alleys of a village, the section should be held to empower the commissioners of the district to assess against the village such a sum as justly and equitably ought to be paid for the benefits conferred. The court answered: "The words 'public highway' and the words 'public road' are used in section 40 as though interchangeable in meaning, and the section provides that the sums assessed for benefits

to such public highway or public road shall be paid out of the road and bridge tax of the town or district in which the same, or the part benefited, lies. Hence it is plain that the words 'public highways' were intended to mean public roads,—not the streets or alleys of a city or village,—and that the benefits authorized to be assessed as compensation to the drainage district for benefits conferred by its ditches or drains were to be assessed and paid, as the statute expressly provides, 'out of the road and bridge tax,' and not out of the funds of any city or village."

Section 42 of the Farm Drainage act provides that, if individual land owners outside of the district shall connect the drains on their lands with the ditches of the district, they shall be deemed voluntarily to have applied to be included in the district, and their lands benefited by such drainage shall be treated, classified and taxed like other lands within the district. By the same section drainage commissioners may, at any time, enlarge the boundaries of their district by attaching new areas of land which are involved in the same system of drainage and require for an outlet the drains of the district made or proposed to be made, as the case may be, upon petition of as great a proportion of the land owners of the area to be added as was required for the original district. The first of the foregoing methods by which the boundaries of a drainage district may be enlarged arises out of the action of individual land owners. The second method is initiated by the petition of land owners who desire that their lands be added to the district. Neither method has reference to the streets and alleys of a city or village. By the decision in *Drainage Comrs.* v. *Village of Cerro Gordo,* 217 Ill. 488, the commissioners of a district organized under the Farm Drainage act have neither the power to attach to the district the streets and alleys of an adjoining village, nor to assess any sum against the village, or its streets and alleys, for benefits derived from their drainage by the

ditches of the district. Moreover, the Farm Drainage act has never been amended to authorize drainage districts to levy assessments against cities or villages for such benefits. The judgment of the county court is affirmed.

*Judgment affirmed.*